UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ERIC MACCARTNEY<br>LUANNE MUELLER<br>individually and on<br>behalf of all others<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>GORDON, AYLWORTH &<br>TAMI, P.C. and VISION<br>INVESTIGATIVE SERVICE,<br>LLC<br><br>　　　　　Defendants. | Case No. 3:18-cv-00568-AC<br><br>FINDINGS AND<br>RECOMMENDATION<br>GRANTING UNOPPOSED<br>MOTION FOR<br>PRELIMINARY APPROVAL<br>OF CLASS SETTLEMENT<br>AND CERTIFICATION |

FINDINGS AND RECOMMENDATION GRANTING
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION – Page 1 of 14

A. Plaintiffs have filed an Unopposed Motion For Preliminary Approval Of Class Settlement And Certification (Motion) (ECF No. 83).

B. Counsel having advised the Court that the parties have agreed, subject to final approval by this Court following notice to the proposed Class and a hearing to settle this action on the terms and conditions set forth in the Settlement Agreement attached as Exhibit 1 to the Motion (ECF No. 83-1).

C. The Court has reviewed the Motion, Settlement Agreement, Declarations in Support of the Motion, other supporting documents filed in support of the Motion, as well as the files, records, and proceedings to date in this matter. The terms of the Settlement Agreement having been incorporated as though fully set forth in this Findings and Recommendation. Capitalized terms shall have the meanings attributed to them in the Agreement.

D. Based upon preliminary examination, it appears to the Court that the Agreement is sufficiently fair, reasonable, and adequate to warrant notice to the proposed Class; that the Plaintiff Settlement Class should be certified for settlement purposes; and that the Court should hold a hearing after notice to the proposed Class to determine

whether to enter a settlement approval order and final judgment in this action.

Based upon the foregoing, the Court hereby recommends:

1. **Preliminary Approval of Proposed Settlement.** The Settlement Agreement is preliminarily approved as fair, reasonable and adequate. The Court finds that, (a) the Agreement resulted from extensive arm's-length negotiations, with participation of an experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to members of the Class and the Settlement Hearing described below. The names of all Class Members are attached as Exhibit A to the Settlement Agreement and as Exhibit 1 of the Declaration of Xin Xu filed in support of the Motion., and the Court finds that the parties' methodology for identifying the Class Members is appropriate.

2. **Class Certification for Settlement Purposes Only.**

Pursuant to Fed. R. Civ. P. 23(b)(3), the Court recommends, for settlement purposes only, that a class be conditionally certified consisting of all persons, including the Representative Plaintiffs, Eric MacCartney and Luanne Mueller, who meet the following criteria:

    a.    All individual consumers with Oregon addresses;

    b.    Who defendant GAT filed a lawsuit against to collect a consumer debt on behalf of its clients on or after April 3, 2017;

    c.    Who were served by defendant Vision prior to January 1, 2018;

    d.    Who had lawsuits filed against them in which GAT submitted a statement for costs and disbursements claiming Vision's service fees were billed directly to the client and not overhead expenses, the service fees reflected the actual costs of the service, or the expedited service was necessary, and those requested costs for Vision's service fees were awarded by the Court; and

    e.    Who paid Vision's service fees.

In connection with the certification, the Court makes the following preliminary findings:

(a)    The Class satisfies Fed. R. Civ. P. 23(a)(1) because the Class appears to be so numerous that joinder of all members is impracticable;

(b)    The Class satisfies Fed. R. Civ. P. 23(a)(2) because there appear to be questions of law or fact common to the Class;

(c)    The Class satisfies Fed. R. Civ. P. 23(a)(3) because the claims of the plaintiffs named in the caption appear to be typical of the claims being resolved through the proposed Settlement;

(d)     The Class satisfies Fed. R. Civ. P. 23(a)(4) adequacy requirement because the named plaintiffs appear to be capable of fairly and adequately protecting the interests of the above described Class in connection with the proposed settlement and because counsel representing the Class are qualified, competent and capable of prosecuting this action on behalf of the Class;

(e)     The Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because, for purposes of settlement approval and administration, common questions of law and fact appear to predominate over questions affecting only individual Class Members and because settlement with the above-described Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Class. The Class also appears to be sufficiently cohesive to warrant settlement by representation.

In making the foregoing findings, the Court recommends that the District Judge exercise its discretion in conditionally certifying a settlement class.

**3.     Class Representative Plaintiffs.** The Court recommends Plaintiffs Eric MacCartney and Luanne Mueller be appointed as the Class Representatives.

4.      **Class Counsel**. The Court recommends Kelly D. Jones of The Law Office of Kelly D. Jones, Michael Fuller of OlsenDaines, P.C., and Matthew Sutton of the Law Office of Matthew Sutton be appointed as Class Counsel.

5.      **Cy Pres**. The court recommends that all funds remaining in the Settlement Fund following payments of all amounts described in the Settlement Agreement (including, but not limited to, amounts remaining from uncashed checks, returned checks, etc.) after one hundred eighty (180) days following the Distribution Date constitute a Cy Pres Fund. JND shall distribute the entire Cy Pres Fund as a cy pres award as follows: 50% to Oregon Consumer Justice and 50% to the Oregon Consumer League, non-profit organizations focused on consumer protection issues. The Court specifically recommends these two entities be approved as appropriate recipients to receive the cy pres any award pursuant to this settlement should it be finally approved. No amount of the Settlement Fund or Settlement Payments shall revert or be returned to Defendants or their insurer(s).

6.      **Final Settlement Approval Hearing**. A final approval hearing (Settlement Hearing) shall be held before this Court on April 19, 2022, at 9:30 a.m., as will be set forth in the final version of the Notice (described below), to determine whether the Settlement Agreement is

fair, reasonable and adequate and should be given final approval. Papers in support of final approval of the Settlement Agreement and Class Counsels' application for an award of attorneys' fees, costs and expenses (Fee and Expense Application) shall be filed with the Court according to the schedule set forth below. The Court may postpone, adjourn, or continue the Settlement Hearing without further notice to the Class. After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Agreement (Final Judgment), which will adjudicate the rights of the Class Members with respect to the claims being settled.

7. **Appointment of Settlement Administrator**. The Court recommends the parties' choice of JND Legal Administration (JND) be approved as the Settlement Administrator, to provide notice to the Class as set forth below and to distribute settlement funds, in accordance with the Settlement Agreement.

8. **Notice.** The Court recommends the form and content of the notices substantially in the forms attached as Exhibits D and E to the Settlement Agreement be approved (ECF No. 83-1 at 47-59). In compliance with the Settlement Agreement, within thirty (30) days of entry of an Order adopting this Findings and Recommendation, JND shall cause notice to be delivered to all Class Members who can be

identified with reasonable effort in the manner set forth in the Settlement Agreement. A notice substantially in the form attached as Exhibit E to the Agreement shall be posted at a website, the Internet address for which shall be disclosed in the summary notice transmitted by U.S. Mail described above. The Court specifically finds that the Notice and the manner of its dissemination described above and in the Settlement Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Class Members of the certification of the Class and the pendency of this action, the terms of the Settlement Agreement, and the Class Members' right to object to or exclude themselves from the Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure.

9.   **Filing of CAFA Notice**. Before the Settlement Hearing, JND shall file with the Court proof of Defendant's compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

10. **Distribution Procedures**. The Court recommends the distribution procedures set forth in the Settlement Agreement be approved.

11. **Costs of Class Administration**. Pursuant to the terms of the Settlement Agreement, defendants will separately pay all costs of notice to the Class Members and distribution, including the costs incurred by JND.

12. **Exclusion from Class**. Each Class Member who wishes to exclude themselves from the Class and follows the procedures set forth in this Paragraph shall be excluded. Any potential member of the Class may mail a written request for exclusion, in the form specified in the Notice, to JND at the address set forth in the Notice. All such written requests must be postmarked by ninety (90) days after entry of an Order adopting this Findings and Recommendation. All persons who properly request exclusion from the Class shall not be Class Members and shall have no rights with respect to, nor be bound by, the Settlement Agreement, should it be finally approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

13. **Objections and Appearances**.

(a)     **Written Objections.** Any Class Member who has not timely submitted a written request for exclusion from the Class, and thus is a Class Member, may object to the fairness, reasonableness or adequacy of the Agreement, or the Fee and Expense Application. Any Class Member, who wishes to object to the Settlement, must submit his or her objection in writing to the Court, postmarked no later than ninety (90) days after entry of an Order adopting this Findings and Recommendation. Objecting Class Members must include their name and address, the name and number of the case, and a statement of the reasons why they (i) believe the Court should find that the proposed settlement is not in the best interests of the Class, or (ii) object to the Fee and Expense Application. Any objection not timely made in this manner shall be forever barred. Any objecting Class Member who wishes to address the Court at the Settlement Hearing must indicate his or her intent to do so in writing to the Court at the same time that the Class Member submits the objection.

(b)     **Papers for Fees and Expenses.** Class Counsel shall file their Fee and Expense Application, together with all supporting documentation, by no later than thirty (30) days from entry of an Order adopting this Findings and Recommendation, sufficiently in advance of the expiration of the objection period.

**(c)    Responses to Objections.** Any responses to objections to the Agreement or the Fee and Expense Application shall be filed with the Court within twenty-one (21) days after the deadline for serving objections.

**14.    Dates of Performance.** In summary, the dates of performance are as follows:

**(a)**    Defendant shall send the Notice to potential Class Members within thirty (30) days after entry of an Order adopting this Findings and Recommendation;

**(b)**    Class Counsel's Fee and Expense Application, and all supporting materials, shall be filed within thirty (60) days after entry of an Order adopting this Findings and Recommendation;

**(c)**    Class Members who desire to be excluded shall mail requests for exclusion postmarked within ninety (90) days from the date of an Order adopting this Findings and Recommendation;

**(d)**    All objections to the Agreement or the Fee and Expense Application shall be filed and served within ninety (90) days from entry of an Order adopting this Findings and Recommendation;

**(e)**    Responses to objections, if any, and in further support of the Fee and Expense Application, along with a Motion for Final

**FINDINGS AND RECOMMENDATION GRANTING
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION** – Page 11 of 14

Approval shall be filed within twenty-one (21) days after expiration of the deadline for objections; and

(f) The Settlement Hearing shall be held on April 19, 2022 at 9:30 a.m. at the Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Ave., Portland, OR 97204.

**15.    Effect of Failure to Approve the Agreement.** In the event the Court does not approve the Agreement, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)    All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)    The case shall return to its status as it existed before entry of this Findings and Recommendation;

(c)    Nothing contained in this Findings and Recommendation is, or may be construed as, any admission or concession by or against Defendant or Representative Plaintiffs on any point of fact or law; and

(d)    Nothing in this Findings and Recommendation or pertaining to the Agreement shall be used as evidence in any further

proceeding in this case, including, but not limited to, motions or proceedings pertaining to treatment of this case as a class action.

16. **Discretion of Counsel**. Counsel is hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement Agreement not materially inconsistent with this Findings and Recommendation or the Settlement Agreement, including, without further approval of the Court, making minor changes to the content of the Notice(s) that they jointly deem reasonable or necessary.

17. **Stay of Proceedings Pending Approval of the Settlement**. All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement. prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this stay shall not apply to individual claims of any Class Members who timely exclude themselves in a manner that complies with this Findings and Recommendation. This stay is necessary to protect and effectuate the settlement, this Findings and Recommendation, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

FINDINGS AND RECOMMENDATION GRANTING
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION – Page 13 of 14

18.     **Reservation of Rights and Retention of Jurisdiction**. The Court reserves the right to adjourn or continue the date of the Settlement Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve or modify the settlement without further notice to Class Members.

*Scheduling Order*

These Findings and Recommendation will be referred to U.S. District Judge Michael H. Simon. Objections, if any, are due within fourteen (14) days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: This 12th day of October, 2021.

_____
JOHN V. ACOSTA
United States Magistrate Judge

**FINDINGS AND RECOMMENDATION GRANTING
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND CERTIFICATION** – Page 14 of 14