**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

**Matthew Sutton, OSB No. 924797**
msutton@integra.net
Direct 541-772-8050

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


**ERIC MACCARTNEY
LUANNE MUELLER**
individually and on
behalf of all others

             Plaintiffs

    vs

**GORDON, AYLWORTH &
TAMI, P.C.** and **VISION
INVESTIGATIVE SERVICE,
LLC**
           Defendants

Case No. 3:18-cv-00568-AC

**PLAINTIFFS' UNOPPOSED
MOTION FOR FINAL
APPROVAL OF CLASS
ACTION SETTLEMENT
AND FINAL JUDGMENT**


UNOPPOSED MOTION FINAL APPROVAL – Page 1 of 18

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................3

LR 7.1 CERTIFICATION .......................................................................4

MOTION................................................................................................4

MEMORANDUM IN SUPPORT ...........................................................5

I.      Introduction .................................................................................5

II.     Summary of the settlement process to date .................................6

III.    Distribution plan after final approval .........................................9

IV.    The proposed settlement is fair, reasonable, and adequate and should be approved by the Court .................................................10

       A.      General standards .............................................................10

       B.      The strength of plaintiffs' case; the risks, expenses, complexity, and likely duration of ongoing litigation; and the risk of maintaining class action status throughout the trial...................................................................................11

       C.      The amount offered in settlement.....................................13

       D.      Extent of discovery completed and the stage of the proceedings .........................................................................14

       E.      The reaction of the Class...................................................15

       F.      The absence of collusion or other conflicts of interest......15

V.     OCJ and OCL should be approved as cy pres recipients ..........16

CONCLUSION.....................................................................................16

# TABLE OF AUTHORITIES

## Cases

*Churchill Vill., L.L.C. v. GE,*
    361 F.3d 566 (9th Cir. 2004) ........................................................11

*Maley v. Del Glob. Technologies Corp.,*
    186 F. Supp. 2d 358 (S.D.N.Y. 2002) ...........................................11

*In re Mego Fin. Corp. Sec. Litig.,*
    213 F.3d 454 (9th Cir. 2000) ..................................................13, 14

*Monterrubio v. Best Buy Stores, L.P.,*
    291 F.R.D. 443 (E.D. Cal. 2013)...................................................10

*Officers for Justice v. Civil Serv. Comm'n of the City & Cnty. of S.F.,*
    688 F.2d 615 (9th Cir. 1982) ........................................................11

*Ontiveros v. Zamora,*
    303 F.R.D. 356 (E.D. Cal. 2014)...................................................15

## Statutes

Class Action Fairness Act, 28 U.S.C. § 1715 ...........................................6

Fair Debt Collection Practices Act ........................................................13

Unfair Trade Practices Act .............................................................12, 13

15 U.S.C. § 1692k(a)(2)(B)(i)...............................................................9

ORS 646.608(1) ...............................................................................12

## Rules

FRCP 23 ....................................................................................4, 5

FRCP 23(e) ................................................................................4, 10

FRCP 23(e)(2) ...............................................................................10

## Other Authorities

4 *Newberg on Class Actions*  (4th ed.) ..................................................10

## LR 7.1 CERTIFICATION

Defendants Gordon, Aylworth & Tami, P.C. (GAT) and Vision Investigative Service, LLC (Vision) (collectively defendants) do not oppose the relief sought in this Motion.

## MOTION

Pursuant to FRCP 23(e), Plaintiffs Eric MacCartney and Luanne Mueller (collectively plaintiffs or Class Representatives), the Court appointed Class Representatives in this action, move the Court for final approval of the Settlement Agreement (Doc. 81-1), for an award of Class Counsel's Attorney Fees (Doc. 95), reconfirmation of class certification under FRCP 23 for settlement purposes only, approval of the parties' chosen cy pres recipients, approval of the distribution process, and the other relief requested set forth in and in similar form to the proposed Final Order attached as Exhibit C to the Settlement Agreement. *See* Doc. 81-1.

In support of this Motion, plaintiffs submit the following memorandum and the separately filed declarations of the Court appointed Class Administrator JND Legal Administration (JND) (Keough Decl.) and Class Counsel Kelly D. Jones (Jones Decl.), along with the exhibits attached to those declarations.

## MEMORANDUM IN SUPPORT

### I.    Introduction

On October 12, 2021, the Court issued Findings & Recommendation (F&R) granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and Certification (Preliminary Approval Order). Doc. 92. On October 27, 2021, the F&R was adopted and the Preliminary Approval Order was granted. Doc. 94. The Preliminary Approval Order, among other things, certified the proposed Class for settlement purposes under FRCP 23, appointed plaintiffs as Class Representatives, appointed plaintiffs' counsel as Class Counsel, appointed JND as Class Administrator, established certain deadlines, including deadlines for sending notice to Class Members, allowing Class Members to opt out of or object to the proposed Settlement, and for Class Counsel to file its Motion for Award of Attorneys Fees. Doc. 92. Plaintiffs now ask the Court to enter an Order finally approving the Settlement and to enter a final judgment so that the substantive provisions of the Settlement can be implemented.

As the Court is aware, this litigation has been pending more than three years.  The litigation was vigorously contested and involved extensive motions practice.  The Settlement Agreement was reached after multiple mediation sessions over a year span.  The litigation involved a significant investment of time and money by the parties and

counsel.  As recognized in the Settlement Agreement and the other filings in this case, each party strongly believes in the strength of its respective case on the merits, but also recognize the significant time commitment, costs, and risks, including potential appeals, that would result from continuing litigation.  Following prolonged and intensive mediations, the parties reached an agreement providing maximum relief available under the statutes alleged to be violated by defendants ($245) to be remitted to every Class Member, without any claims process—allowing the parties to conclude the litigation and eliminate the inherent risks of moving forward in litigation.  No money paid in settlement will revert to defendants, rather any unclaimed funds will be paid as cy pres.

The Settlement Agreement, the notice provisions, and the plan for distributing Settlement funds are fair, reasonable, and adequate. For those reasons, those described below, and set forth fully in the Motion for Preliminary Approval (Doc. 83), the parties respectfully request the Court to finally approve the Settlement and issue an Order finding that the Settlement is fair, reasonable, and adequate, and ask the Court to enter Final Judgment accordingly.

## II.    Summary of the settlement process to date

In compliance with the Class Action Fairness Act, 28 U.S.C. § 1715, JND compiled and mailed a CD-ROM containing the applicable

documents to the appropriate Federal and State officials. Keough Decl.
¶¶ 4-5, Ex. A.

On September 22, 2021, counsel for defendants provided JND an
electronic file containing the names and mailing addresses of
individuals identified as potential Class Members. The file contained a
total of 273 records. Keough Decl. ¶ 6. Prior to commencing the Postcard
Notice mailing, JND updated 67 addresses using data from the United
States Postal Service's National Change of Address database. The Class
Member data was then promptly loaded into a secure database
established for this Action. Keough Decl. ¶ 7. On November 24, 2021,
JND mailed the Court-approved Postcard Notice via first class U.S. mail
to the 273 Class Member records from the data. Keough Decl. ¶ 8, Ex.
B.

As of February 11, 2022, of the 273 Postcard Notices mailed, 34
Postcard Notices were returned as undeliverable. One (1) of the Postcard
Notices was promptly forwarded to the updated address provided by
USPS. Of the undeliverable Postcard Notices that were not returned
with updated address information, JND conducted advanced address
skip-trace research and received updated address information for 21
Class Member records. JND re-mailed the Postcard Notice to the 21
Class Member records accordingly. Keough Decl. ¶ 9.

On November 24, 2021, JND activated a case-specific toll-free telephone number, 1-844-929-4696, for Class Members to call to obtain information about the Settlement. Callers have the option to listen to the Interactive Voice Response system, or to speak with a live agent during business hours. The toll-free number is accessible 24 hours a day, seven days a week. As of February 11, 2022, JND has received seven (7) calls to the toll-free number. Keough Decl. ¶¶ 10-11.

On November 24, 2021, JND established a dedicated, case-specific Settlement Website (www.VisionClassSettlement.com), which hosts copies of important case documents (including, but not limited to, the Class Notice, Postcard Notice, Second Amended Complaint, Settlement Agreement, and Preliminary Approval Order), answers to frequently asked questions, and includes contact information for the Class Administrator. Keough Decl. ¶ 12, Ex. C. As of February 11, 2022, JND has tracked 112 unique visitors who registered 363 pageviews. Keough Decl. ¶ 13.

The Class Notice states that any Class Member who would like to exclude themselves from the Settlement was required to submit a timely postmarked exclusion letter to JND no later than January 25, 2022. As of February 11, 2022, JND has not received any exclusion requests. Keough Decl. ¶¶ 14-15.

UNOPPOSED MOTION FINAL APPROVAL – Page 8 of 18

The Class Notice states that any Class Member could submit an objection by sending a timely postmarked objection letter to the Court by January 25, 2022. As of February 11, 2022, JND has not received any objection letters. Keough Decl. ¶¶ 16-17. Class Counsel also separately declares that they have not received and are unaware of any objections or exclusion requests in this case to date. Jones Decl. ¶ 2.

## III.    Distribution plan after final approval

No later than ten (10) business days after final approval, defendants, directly or through their insurer(s), shall transfer to Class Administrator the Settlement Fund. Settlement Agreement, Doc. 83-1, Ex. A, ¶ 33. No later than the Distribution Date, Class Administrator shall mail a check to each Class Member, other than the Representative Plaintiffs, in the amount $245, to each Class Member's last known address. *Id*. No later than the Distribution Date, Class Administrator shall mail a check to each Representative Plaintiff, in the amount $1,245 ($245 plus $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i)), to each Representative Plaintiff's last known address. *Id*. JND is required and has agreed to follow certain procedures to make best efforts to ensure that the checks find their way to the Class members. *Id*.

**IV.    The proposed settlement is fair, reasonable, and adequate and should be approved by the Court**

    **A.    General standards**

Under FRCP 23(e), the Court must evaluate the parties' proposed settlement for fundamental fairness, adequacy, and reasonableness before approving it. FRCP 23(e)(2). If a proposed settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013).

Here there certainly is no evidence the Settlement involves any fraud or collusion, and the settlement proposal has no obvious deficiencies, gives no preferential treatment to any parties, was negotiated at arm's length in multiple mediation sessions with a respected former judge with counsel experienced in consumer and class action litigation, and falls within the range of possible approval. Therefore, the Settlement should be given a presumption of fairness. *See* 4 *Newberg on Class Actions* ¶ 11.41 (4th ed.).

In the Ninth Circuit, the "factors in a court's fairness assessment will naturally vary from case to case, but courts generally must weigh: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity,

and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004). As explained below, and in the Preliminary Approval Motion, an assessment of each of these (relevant) factors also supports a finding that the Settlement Agreement is fair and reasonable.

### B.    The strength of plaintiffs' case; the risks, expenses, complexity, and likely duration of ongoing litigation; and the risk of maintaining class action status throughout the trial

The first three factors require a comparison of the benefits to the Class and the likelihood of achieving recovery for the Class at trial. However, a court need not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Officers for Justice v. Civil Serv. Comm'n of the City & Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982). Instead, a court should balance these factors with "the benefits afforded to members of the class, and the

immediacy and certainty of a substantial recovery." *Maley v. Del Glob.*

*Technologies Corp.*, 186 F. Supp. 2d 358, 364 (S.D.N.Y. 2002).

To be sure, plaintiffs believe that the Class Members would likely prevail at trial on the merits. In plaintiffs' view, defendants have never presented a cogent defense to liability. Nonetheless, defendants clearly believe otherwise and they continue to deny any wrongdoing and continue to zealously defend themselves and mount a host of defenses in their Answer. It is not lost on plaintiffs that at least initially, the Magistrate Judge also ruled in defendants' favor and recommended dismissal of plaintiffs' claims at the pleading stage. Moreover, plaintiffs cannot, and does not, deny that defendants have viable defenses and the opportunity for defendants to prevail on summary judgment or at trial is not insignificant. For example, under the UTPA, in a class action, in order for the Class to be awarded $200 each in statutory damages, it has a heightened burden to prove that its losses were the "result of a reckless or knowing use or employment" of the conduct violating ORS 646.608(1) by GAT. There are certainly risks in continuing toward trial, especially given that through the Settlement the Class Members will already be getting the maximum amount they could be awarded if they did succeed at trial.

In regard to expenses, from plaintiffs' perspective, given the above assessment, this is a much bigger risk for defendants than it is for

UNOPPOSED MOTION FINAL APPROVAL – Page 12 of 18

plaintiffs. However, this case has already been litigated for more than three years, and there can be no doubt that the vast additional resources that it will take to prepare this case for trial—with the potential of not prevailing—present a substantial risk to both parties. In sum, these three factors should weigh in favor of the Court granting approval to the settlement.

### C.   The amount offered in settlement

In considering the potential fairness of the settlement amount, courts usually compare the total amount of the Settlement to each Class Members to an estimate of the damages that could be recovered if the case was fully litigated. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). However, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *Id*.

Pursuant to the Settlement Agreement, defendants will provide a Settlement Fund to the Class Administrator in an amount that will cover payments to each Class Member in the amount of $245. Ex. 1 ¶ 33. As already explained *supra*, the maximum that each Class Member could obtain for their damages *if* they were successful at trial would be $200 in statutory damages for their UTPA claim, and $45 representing the amount that they each paid for the service fees at issue in this case in actual damages under the FDCPA or as restitution or disgorgement

as damages under their unjust enrichment claim. Thus, through this proposed settlement the Class Members will be getting the maximum amount they could be awarded if the case went to trial and they prevailed on all three of their claims.

Additionally, as part of the Settlement, defendants will pay for all costs related settlement administration and the Settlement Administrator (JND), above and beyond the Settlement Fund. Moreover, any balance of the Settlement Fund remaining after the distributions to the Class Members (from undeliverable or uncashed checks) will be distributed as cy pres—no amount will revert back to defendants or their insurer.

Moreover, no amount of proposed Class Counsel's attorneys' fees, costs, and expenses will be paid from the Settlement Fund, nor have the parties agreed on any specific amount that defendants would not object to. *See* Doc. 83-1, Ex. A ¶ 24. Instead, Class Counsel will seek an award of reasonable fees incurred to prosecute this case, to obtain this settlement, and for their continuing duties to represent and protect the interests of plaintiffs, and the other proposed Class Members, until this case concludes. *Id.* ¶¶ 24, 35; *see also* Doc. 95.

An assessment of this factor undoubtably and heavily weighs in favor of the Court approving the proposed settlement.

### D. Extent of discovery completed and the stage of the proceedings

This factor is concerned with whether "the parties have sufficient information to make an informed decision about settlement." *Mego*, 213 F.3d at 459. Again, this case has been pending for more than three years. The parties have extensively litigated motions to dismiss, and have exchanged and reviewed significant discovery. The parties have "carefully investigated the claims before reaching a resolution"; therefore this factor weighs in favor of approving the Settlement. *Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2014).

### E. The reaction of the Class

As set forth above, and the JND declaration filed in support of this, there has already been a very successful notice plan carried out by JND. As of the filing of this Motion, and after the deadline set by the Court for Class Members or other parties to file exclusions or objections, JND has received no exclusion requests, nor any objections. Keough Decl. ¶¶ 14-17. Neither has Class Counsel. Jones Decl. ¶ 2.

### F. The absence of collusion or other conflicts of interest

As set forth *supra*, the proposed settlement is the product of extensive arm's-length negotiations, with assistance from an experienced and well-respected mediator, former Oregon Circuit Court Judge Jean Maurer, after multiple mediation sessions. *See* Doc. 84 ¶¶

3-4. There are no indications of collusion or conflicts of interest. The Class Members will receive significant benefits equating to the maximum that could have been obtained after trial, there is no agreement on an amount of fees, and there will be no reversion of any settlement funds to the defendants or their insurer.

## V.     OCJ And OCL should be approved as cy pres recipients

As noted in the Preliminary Approval Motion, the parties agree, in the Settlement Agreement, that no amount of the settlement fund will revert to defendants or their insurer.  As stated in the Settlement Agreement, any amounts paid to the settlement fund which remain after the distribution period will be paid to Oregon Consumer Justice (OCJ) and the Oregon Consumer League (OCL), who are appropriate cy pres recipients to equally share in an any remainder of the Settlement Fund (from uncashed or undeliverable checks sent to Class Members if any) for this consumer protection class action settlement. *See also* Doc. 84 ¶ 9. Therefore, the Court should approve OCJ and OCL as the cy pres recipient, as part of the final approval of the Settlement.

## CONCLUSION

The Settlement Agreement represents an outstanding result for the Class following lengthy and hard-fought litigation. If this action were to continue, the attendant risks and costs to all parties would be considerable.  The distribution plan is a rational and fair method for

distributing the settlement proceeds to the Class Members. Accordingly, plaintiffs and the Class respectfully request that the Court finally approve the Settlement and the plan of distribution as fair, reasonable, and adequate, and enter Final Order and Judgment in similar form as attached to the Settlement Agreement. *See* Doc. 83-1, Ex. A.

February 15, 2022

**RESPECTFULLY FILED,**

s/ Kelly D. Jones
**Kelly D. Jones, OSB No. 074217**
Of Attorneys for Plaintiffs
The Law Office of Kelly D. Jones
819 SE Morrison St., Suite 255
Portland, Oregon 97214
kellydonovanjones@gmail.com
Direct 503-846-4329

## CERTIFICATE OF SERVICE

I certify that this document was served on the parties as follows through this Court's ECF system:

Attorney Xin Xu
xin@xinxulaw.com

Attorney for defendants


February 15, 2022


        s/ Kelly D. Jones
        **Kelly D. Jones, OSB No. 074217**
        Of Attorneys for Plaintiffs
        The Law Office of Kelly D. Jones
        819 SE Morrison St., Suite 255
        Portland, Oregon 97214
        kellydonovanjones@gmail.com
        Direct 503-846-4329