UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


**ERIC MACCARTNEY
LUANNE MUELLER**
individually and on
behalf of all others

                Plaintiffs

    vs

**GORDON, AYLWORTH &
TAMI, P.C.** and **VISION
INVESTIGATIVE SERVICE,
LLC**

          Defendants

Case No. 3:18-cv-00568-AR

**FINDINGS AND
RECOMMENDATION TO
GRANT FINAL APPROVAL
AND FINAL JUDGMENT**


**FINDINGS AND RECOMMENDATION TO GRANT FINAL
APPROVAL AND FINAL JUDGMENT**– Page 1 of 11

THIS MATTER came before the Court on Representative Plaintiffs' (Eric MacCartney and Luanne Mueller) Unopposed Motion for Final Approval of Class Action Settlement and Final Judgment (Doc. 109). The Court has considered all papers filed and proceedings in this matter and is fully informed regarding the facts surrounding the proposed Settlement as memorialized in the parties Settlement Agreement (Doc. 83-1). Based upon this information, the Court has determined that final approval of the proposed Settlement is fair, reasonable and adequate.

The Court recommends that Final Judgment be entered, which will constitute a final adjudication on the merits of all claims of the conditionally certified settlement Class, with exception to any matters or issues set forth herein and in the Settlement Agreement.

On October 27, 2021, this Court granted preliminary approval to the proposed Settlement between Representative Plaintiffs and Defendants Gordon, Aylworth & Tami, P.C. (GAT) and Vision Investigative Service, LLC (Vision) (collectively defendants) (Docs. 92, 94). The Settlement resolves all of the Class's claims against defendants in exchange for defendants' agreement to pay certain amounts to eligible Class Members and to Class Counsel as set forth in the Settlement Agreement.

**FINDINGS AND RECOMMENDATION TO GRANT FINAL APPROVAL AND FINAL JUDGMENT**– Page 2 of 11

On December 24, 2021, Class Counsel submitted their initial application for an award of attorneys' fees and costs (Fee Application), as contemplated by the Settlement Agreement and pursuant to this Court's Order (Docs. 95-97). Defendants filed a response in opposition to the Fee Motion and Class Counsel filed a reply (Docs. 104-108).

On February 15, 2022, the Representative Plaintiffs filed an Unopposed Motion for Final Approval of Class Action Settlement and Final Judgment (Docs. 109-111).

On April 19, 2022, the Court held a fairness hearing (Settlement Hearing) via telephone to consider whether to grant final approval to the Settlement and to consider Class Counsels' application for an award of attorneys' fees and costs, (Fee Application). The Court heard argument from counsel. Other than counsel for the parties, no one else appeared for the hearing to voice their support for, or objection to, the Settlement or the Fee Application.

Having read, reviewed and considered the papers filed in support of and in opposition to final approval of the Settlement, including supporting declarations; oral arguments of counsel; Class Counsels' Fee Application; the Agreement; and the pleadings;

The court hereby RECOMMENDS that the Motion for Final Approval (ECF No. 109) be GRANTED:

**FINDINGS AND RECOMMENDATION TO GRANT FINAL APPROVAL AND FINAL JUDGMENT**– Page 3 of 11

1.      The definitions and provisions of the Settlement Agreement are incorporated in this Order as though fully set forth herein.

2.      This Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all parties to the Agreement, including defendants, Representative Plaintiffs and all Class Members.

3.      The Court recommends approval of the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate to the Class, within the authority of the parties, and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4.      This Court confirms the Class, as defined in the Court's Order Granting Unopposed Motion for Preliminary Approval of Class Settlement and Certification Granting Class Certification, and as described in the Settlement Agreement, has been appropriately identified by the parties and recommends final certification of the Class under Federal Rule of Civil Procedure 23(a)-(c) for settlement purposes only.

5.      No Class Members have timely requested to be excluded from the Class and the Settlement. The Court has not received any objections to the Settlement.

**FINDINGS AND RECOMMENDATION TO GRANT FINAL APPROVAL AND FINAL JUDGMENT**– Page 4 of 11

6.     The Court hereby recommends final approval of the Settlement and finds that it is fair, reasonable, and adequate, and in the best interests of the Class as a whole.

7.     Neither a Final Judgment nor the Agreement is an admission or concession by defendants of the validity of any claims or of any liability or wrongdoing or of any violation of law. A Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by any person in connection with any transaction, event or occurrence, and neither a Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce a Final Judgment, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of res judicata (claim preclusion) or collateral estoppel (issue preclusion) barring the pursuit of claims released in the Settlement Agreement.

8.     This Court hereby acknowledges that the Settlement is in full settlement, compromise, release, and discharge of the claims in this case, and Representative Plaintiffs, for themselves and as the

**FINDINGS AND RECOMMENDATION TO GRANT FINAL APPROVAL AND FINAL JUDGMENT**– Page 5 of 11

representatives of the Class, and on behalf of each Class Member who has not timely opted out, and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, shall have fully, finally and forever irrevocably released, relinquished, and forever discharged with prejudice all Released Claims (as defined in the Settlement Agreement) against the Released Parties (as defined in the Settlement Agreement); and, further, that the Representative Plaintiffs, for themselves and on behalf of his respective agents, successors, heirs, assigns, and any other person who can claim by or through him in any manner, shall have fully, finally and forever irrevocably released, relinquished and forever discharged with prejudice all Released Claims as set forth in the Settlement Agreement.

9.     Defendants have no further or other liability or obligation to any Class Member with respect to the claims brought by Representative Plaintiffs and the Class in this action, except as expressly provided for in the Settlement Agreement, which does include the right for Class Counsel to submit a supplemental application for an award of attorneys' fees and costs incurred from entry of the Preliminary Approval Order to Final Approval, and after entry of a Final Judgment, and requires that defendants will pay and such fees and costs that shall be awarded by this Court on review of such supplemental applications.

**FINDINGS AND RECOMMENDATION TO GRANT FINAL APPROVAL AND FINAL JUDGMENT**– Page 6 of 11

10.    Representative Plaintiffs, for themselves and as the representatives of the Class on behalf of each Class Member who has not timely opted out or requested exclusion, and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties, pursuant to the Settlement Agreement.

11.    By operation of an Order and Judgment, the Representative Plaintiffs and defendants expressly waive, and each Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under federal or state law, right, rule, with exception to the right to apply for an award of supplemental fees and costs consistent with the Settlement Agreement.

12.    The appointed Class Administrator, JND Legal Administration (JND), has completed the delivery of class notice according to the terms of the Settlement Agreement and this Court's previous Orders. The Notice given by JND to the Class, which set forth the principal terms of the Settlement Agreement and other matters, was the best practicable notice under the circumstances. The notice program prescribed by the Settlement Agreement and as approved by the Court, was reasonable

**FINDINGS AND RECOMMENDATION TO GRANT FINAL APPROVAL AND FINAL JUDGMENT**– Page 7 of 11

and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice. The Notice given to members of the Class satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Notice was reasonably calculated under the circumstances to apprise Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and to appear at the Settlement Hearing. The Court has afforded a full opportunity to all Class Members to be heard. Accordingly, the Court determines that all Class Members, except those, if any, who timely and properly excluded themselves from the Class, are bound by a Judgment and Final Order.

13.    If required, defendants, directly or through JND, by the required date served a notice of the proposed settlement upon the appropriate state official of each State in which a Class member resides and upon the Attorney General of the United States. The Court finds that such notice satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since the required notice was served, as required by 28 U.S.C. § 1715(d).

**FINDINGS AND RECOMMENDATION TO GRANT FINAL APPROVAL AND FINAL JUDGMENT**– Page 8 of 11

14.    For their initial Fee Application, the Court hereby recommends that attorneys' fees and costs to compensate Class Counsel for their reasonable time incurred and expenses advanced, as contemplated in the Settlement Agreement. As set out more fully in the contemporaneously filed Findings and Recommendation on Attorney Fees, the Court finds that attorney Kelly D. Jones' rate of $440 per hour and 154 hours expended is reasonable; attorney Michael Fuller's rate of $400 per hour and 73.5 hours expended is reasonable; and attorney Matthew Sutton's requested rate of $350 per hour and 51.6 hours expended is reasonable. For costs and expenses, the Court awards **$0**, as Class Counsel voluntarily waived any right to reimbursement of such costs or expenses. For these reasons, for its initial Fee Application, the Court recommends that Class Counsel be awarded fees in the total aggregate amount of $115,220. All such fees, costs, and expenses are in lieu of statutory fees that Representative Plaintiffs and/or the Class might otherwise have been entitled to recover, up to the date that Class Counsel's initial Fee Application was filed on December 24, 2021.

15.    Defendants shall pay the amounts awarded herein and in the Settlement Agreement, including the payments and amounts due to eligible Class Members to be distributed by JND, in accordance with and at the times prescribed by the Settlement Agreement.

**FINDINGS AND RECOMMENDATION TO GRANT FINAL APPROVAL AND FINAL JUDGMENT**– Page 9 of 11

16.     All other terms of the Settlement Agreement and requests, appointments, and approval sought and preliminary and conditionally approved, granted, and ordered in the Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and Certification not expressly set forth in the Final Order and Judgment should be granted.

17.     Without affecting the finality of a Final Order and Judgment, the Court retains continuing jurisdiction over (a) implementation of the Settlement Agreement, distribution of the settlement payments, and any award of attorneys' fees, costs, and expenses contemplated by the Settlement Agreement or this Court's orders, until each and every act agreed to be performed pursuant to the Settlement Agreement has been performed, and (b) all parties to this Action and the Class for the purpose of enforcing and administering the Settlement and the Settlement Agreement.

## Scheduling Order

These Findings and Recommendation will be referred to U.S. District Judge Michael H. Simon. Objections, if any, are due within fourteen (14) days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due within fourteen (14) days after being

**FINDINGS AND RECOMMENDATION TO GRANT FINAL APPROVAL AND FINAL JUDGMENT**– Page 10 of 11

served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 19th day of April, 2022.

_____
JEFFREY ARMISTEAD
United States Magistrate Judge

**FINDINGS AND RECOMMENDATION TO GRANT FINAL APPROVAL AND FINAL JUDGMENT**– Page 11 of 11